UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OZGUR YALNIZKURT,<br><br>  Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>  Respondents. | Case No.: 3:25-cv-3752-CAB-MSB<br><br>**ORDER TO RESPOND**<br><br>[Doc. No. 1] |

On December 23, 2025, Petitioner Ozgur Yalnizkurt filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] In his Petition, Petitioner claims that he is being detained by Immigration and Customs Enforcement ("ICE") without a bond hearing in violation of the Fourth Amendment, Fifth Amendment, Administrative Procedure Act, and 8 U.S.C. § 1225(b). [Petition at 6–12.] He seeks immediate release or, at minimum, a bond hearing within 14 days. [*Id.* at 12–13.]

Having reviewed the Petition, the Court finds summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false."). The Court therefore **ORDERS** a

response to the Petition as follows:

1. Respondents must file a response to the Petition no later than **January 5, 2026**. The response must address the allegations in the Petition and must include any documents relevant to the determination of the issues raised in the Petition.

2. Petitioner may file a reply by **January 8, 2026**.

3. <u>The Clerk of Court shall provide the Civil Division of the U.S. Attorney's Office with a copy of the Petition, [Doc. No. 1], and this Order.</u>

4. Additionally, to maintain the status quo, Respondents, their officers, agents, servants, employees, attorneys, and other persons who act in concert or participation with Respondents **SHALL NOT** transfer Petitioner outside of the Southern District of California pending the Court's resolution of the Petition.[1]

It is **SO ORDERED**.

Dated: December 29, 2025

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] *See Doe v. Bondi*, Case No. 3:25-cv-805-BJC-JLB, 2025 WL 1870979, at *1 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (collecting cases).